# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>E. BEAM, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01737-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF ATTORNEY<br><br>(ECF No. 14) |

       Plaintiff Mike Baker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       Currently before the Court is Plaintiff's motion for the appointment of counsel, filed June 1, 2017. (ECF No. 14.) Plaintiff states that he was injured in an incident on April 19, 2017, causing nerve damage in numbness in his right arm and hand, which is the hand he uses for writing. His medical provides say his nerves may heal, but the estimated time is not known. Plaintiff also had his prescription eyeglasses confiscated, and he expects a new pair will take 2-3 months to be provided.

       In support of his motion, Plaintiff attaches a declaration from an inmate stating that the inmate wrote Plaintiff's motion, but Plaintiff signed the motion himself. Plaintiff also attaches a chrono dated April 27, 2017 discussing that Plaintiff was placed in ASU due to being a victim in an incident on April 19, 2017, and was transported to an outside medical facility for treatment for his injuries.

       Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1

1

(9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, the Court does not find the required exceptional circumstances for the appointment of counsel. The legal issues in this case are not complex, and the record reflects that Plaintiff is able to adequately articulate his claims. Furthermore, this case is at the screening stage, the Court having most recently found that Plaintiff's first amended complaint has stated some cognizable claims. At this early stage in the litigation, the Court cannot find that this action is likely to succeed on the merits.

Finally, although Plaintiff's medical condition may require reasonable accommodations, the Court does not find that Plaintiff's current medical issues are a sufficient basis for appointing counsel under these circumstances. Plaintiff may request an extension of time to meet deadlines in this matter if necessary by filing a motion before the deadline expires, supported by good cause. Plaintiff may also continue seeking the assistance of other inmates as he has done in filing this motion.

Accordingly, Plaintiff's request for counsel, filed June 1, 2017 (ECF No. 14), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **June 5, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE