**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIKE BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>E. BEAM, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01737-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 25)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Mike Baker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.    Background**

On November 16, 2016, this action was opened pursuant to the undersigned's order severing the unrelated claims in Plaintiff's complaint filed in a related action, <u>Baker v. S. Cacoa, et al</u>., 1:15-cv-00693-AWI-BAM (PC). Plaintiff's May 6, 2015 complaint in that action was ordered to be filed in this newly created case. Plaintiff was also ordered to pay the filing fee for this new action, or file a motion to proceed in forma pauperis. (ECF No. 2, p 4.)

On December 20, 2016, Plaintiff filed a motion to proceed in forma pauperis, (ECF No. 4), and on December 27, 2016, Plaintiff's certified trust account statement was filed in support, (ECF No. 7.) On January 3, 2017, the Court granted Plaintiff's request to proceed in forma pauperis. (ECF No. 8.)

1

On January 20, 2017, this Court screened Plaintiff's complaint and determined that Plaintiff's complaint stated certain cognizable claims. (ECF No. 9.) Plaintiff was instructed to either file a first amended complaint to attempt to cure the deficiencies in his other claims, or to notify the Court of his intent to proceed only on the cognizable claims in the complaint. (Id. at pp. 35-36.) On April 3, 2017, Plaintiff filed a first amended complaint. (ECF No. 12.) The Court screened the first amended complaint and determined that the amended complaint stated cognizable claims. Plaintiff was instructed to either file a second amended complaint or notify the Court of his intent to proceed only on the cognizable claims. (ECF No. 13.) Following multiple extensions of time requested by Plaintiff, the second amended complaint is currently before the Court for screening. (ECF No. 25.)

**II.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant

acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969. Courts are required to liberally construe pro se prisoner complaints. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

**III.     Plaintiff's First Amended Complaint Allegations**

Plaintiff is a state prisoner currently housed at Pleasant Valley State Prison at Coalinga, California. The events at issue in the complaint are alleged to have occurred when Plaintiff was housed at Corcoran State Prison ("CSP"), in Corcoran, California.

Plaintiff names as defendants: (1) Registered Nurse ("RN") L. Vasquez; (2) RN Y. Ponce De Leon; (3) (former) Correctional Sergeant (and later, Officer) E. Beam; (4) Correctional Sergeant R. Vogel; (5) Correctional Sergeant Cuevas; (6) Correctional Officer T. Caldwell; (7) Correctional Officer N. Huerta; (8) Correctional Officer R. Cervantes; (9) Correctional Officer Benevidas; (10) Correctional Counselor II D. Goree; (11) Correctional Counselor II J. Diaz; (12) Correctional Counselor II K. Cribbs; (13) Correctional Counselor II A. Pacillas; (14) Correctional Counselor II E.G. Jarvis; (15) Chief Deputy Warden M. Sexton; and (16) D. Davey, the Warden.

Plaintiff's allegations in the second amended complaint do not vary from the original complaint filed on November 16, 2017 and screened on January 20, 2017. Since Plaintiff's allegations in the second amended complaint are largely the same, with some additional factual allegations, the Court finds it most expedient to summarize and discuss the second amended complaint allegations as necessary in the sections below.

**III.     Analysis of the Complaint**

    **A.     Eighth Amendment Deliberate Indifference**

Plaintiff asserts that Sergeant Vogel, Officers Caldwell and Cervantes, and Warden Davis violated the Eighth Amendment by being deliberately indifferent to serious risks to his health and safety.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825,

3

847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045.

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847. Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976)). Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1998).

"Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

### 1. Sergeant Vogel and Officers Caldwell and R. Cervantes

Plaintiff alleges that Sergeant Vogel and Officers Caldwell and Cervantes violated the Eighth Amendment by interfering with his medical care and his use of prescribed medical devices. Plaintiff alleges that he informed Sergeant Vogel of his chronos and medical need for such devices, based on his continuing recovery from knee surgery and a cracked spine. Plaintiff further alleges that Sergeant Vogel obstructed his possession of the devices, causing him severe pain. Sergeant Vogel also allegedly had Plaintiff housed in a cell smeared with feces and urine with a dirty mattress missing half its stuffing, as punishment to harm Plaintiff. These allegations are sufficient to state a claim for Eighth Amendment deliberate indifference.

Plaintiff has also alleged sufficient facts plausibly suggesting Officers Caldwell and Cervantes were deliberately indifferent to his serious medical needs for his prescribed devices. Plaintiff alleges that he put memorandums and signs on the walls indicating his medical need for such devices, but these were ignored by Officers Caldwell and Cervantes, who took the medical devices, causing Plaintiff severe pain and suffering.

### 2. Warden Davis

Plaintiff alleges that, on June 1, 2014, Warden Davis was served with a CDCR 22 Form "to plea for help in stopping staff's harmful actions, retaliation." Plaintiff alleges that he "detailed attempts at resolution with building Sgt. Vogel and litigation coordinator gone unanswered. Upon notice, def. Davis was deliberately indifferent to his duties to protect plaintiff's health and safety."

These allegations are insufficient to state a claim against Warden Davis. Plaintiff repeatedly refers to deprivations of various forms of property prior to June 1, 2014, such as electronics, personal property and legal property. He further alleges that Warden Davis should have taken action so that the property would have been returned. This does not show that Plaintiff was at a risk of harm to his health or personal safety, or that Warden Davis was made aware of that risk and was indifferent to that risk. Despite being provided with the relevant pleading standards, Plaintiff has been unable to cure this deficiency.

**B.   Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional violation. The mere threat of harm can be an adverse action." Watison v. Carter, 688 F.3d 1108, 1114 (9th Cir. 2012) (internal citations omitted). A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. Id. The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. Rhodes, 408 F.3d at 567–68. The Plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." Watison, 668 F.3d at 1114. A Plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions

were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." Id.

### 1. Registered Nurses Ponce De Leon and L. Vasquez.

Plaintiff's allegations against RN Ponce De Leon are duplicative of his allegations against that defendant in Baker v. S. Cacoa, et al., Case No. 1:15-cv-00693-AWI-BAM. The Court has found that his allegations are sufficient to state a claim for retaliation in violation of the First Amendment against RN Ponce De Leon in that action. Therefore, Plaintiff's claim cannot proceed in this case as it is duplicative of that pending action.

Regarding RN Vasquez, Plaintiff alleges that she replied to Plaintiff's threat of a lawsuit with threats of retaliation, and that she in fact retaliated against his staff complaints and appeals by informing custody staff of his intentions to sue CDC employees. Plaintiff also alleges that RN Vasquez specifically informed Sergeants Vogel and Beam about his complaints and appeals so that they would punish him for his protected conduct, by wrongfully depriving him of his legal and personal property. Plaintiff's allegations against RN Vasquez are sufficient to state a claim of retaliation in violation of the First Amendment.

### 2. Sergeant Vogel, and Officers Caldwell and Cervantes

Plaintiff alleges that Sergeant Vogel had his medical appliances and personal property confiscated, interfered with his medical care, and forced him to be put in a cell covered in feces and bodily fluids, in retaliation for his staff complaints and previous lawsuit. Officers Caldwell and Cervantes allegedly followed Sergeant Vogel's orders, knowing that he should not be deprived of his property, but nevertheless falsifying records as necessary. Plaintiff's allegations are sufficient to state a claim for retaliation in violation of the First Amendment against Sergeant Vogel and Officers Caldwell and Cervantes.

### 3. Sergeant (later Officer) E. Beam, Sergeant Cuevas, and Officers Huerta and Benevidas

Plaintiff alleges that Sergeant Cuevas was assigned to work with Sergeant Beam from May 2014 through December 2014. According to Plaintiff, on or about May 23, 2014, Sergeants Beam and Cuevas met at the shift change and discussed plans to ensure that Plaintiff did not receive his property

7

in retaliation for his inmate appeals and complaints, on the orders of Sergeant Vogel. Based on this plan, Sergeant Cuevas allegedly ordered that Plaintiff's property not be properly secured or inventoried, and that only part of it be issued to him. Further, Officers Huerta and Benevidas withheld his property, and failed to inventory it, secure it, or issue receipts for it, causing him to be improperly deprived of the property. In response to Plaintiff's inquiries, Officers Benevidas and Huerta stated that these actions were done because Plaintiff was filing staff complaints, appeals, and lawsuits, and that they were acting on Sergeant Vogel and Sergeant Cuevas's instructions and orders. Plaintiff further alleges that Sergeant Beam threatened to trash Plaintiff's property if Plaintiff filed a lawsuit against Beam.

These allegations are sufficient to state a claim for retaliation in violation of the First Amendment against Sergeants E. Beam and Cuevas and Officers Huerta and Benevidas.

### C. Due Process Violations

Plaintiff alleges that Sergeant Beam, and Correctional Counselors Goree, Cribbs, Pacillas, Diaz, and Jarvis, improperly screened out or cancelled his staff complaints, denied his grievances or inmate appeals, engaged in inaccurate record-keeping or falsification of documents related to the appeals process, and otherwise improperly processed his appeals, which violated his due process rights. Plaintiff further alleges that on December 10, 2014, Warden Sexton conducted a second-level review of appeal no. 07755, which described a delay in returning Plaintiff's CDCR 22 form to him. Plaintiff asserts that Warden Sexton denied him meaningful review of this complaint at the second level, and instructed subordinate staff to deny all property appeals. Plaintiff claims that Warden Sexton's actions deprived him of a proper investigation of his inmate grievances, staff complaints and appeals.

As Plaintiff has been previously informed, he cannot pursue any claims against any prison official, correctional staff, or health care provider based solely on their involvement in the administrative review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must

8

demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640. Prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner.

Because there is no right to any particular grievance process, a plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances. See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment).

To the extent Plaintiff is dissatisfied with the extent or outcome of an investigation, that is also not a basis for a plausible due process claim. To the degree Plaintiff is trying to hold the individuals or others liable for an independent, unspecified constitutional violation based upon his allegedly inadequate investigation, there is no such claim. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); Page v. Stanley, No. CV 11–2255 CAS (SS), 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome").

To the extent Plaintiff's claim against Warden Sexton is based on any unauthorized deprivation of his property by other defendants, California law provides him with an adequate state post-deprivation remedy, and these allegations are insufficient to state a § 1983 claim against Warden Sexton. Warden Sexton may also not be held liable based on his supervisory role for the actions of others, under the theory of respondeat superior. See Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff was previously informed of these deficiencies and granted leave to amend these allegations, but has not added any additional factual allegations in support of this claim. Instead, he has solely argued additional legal theories of relief, but as explained above, his allegations are not sufficient to state a Constitutional violation. Thus, dismissal of this cause of action without further leave to amend is appropriate. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (leave to amend is not appropriate where "the pleading could not possibly be cured by the allegation of other facts.")

### D. Prison Regulations

Plaintiff alleges violations of various prison rules, regulations and policies by the prison officials, custody staff, and health care provider defendants. As Plaintiff has been previously informed, to the extent that he attempts to bring any claims solely based on a defendant's violation of prison rules and policies, he may not do so, as alleged violations of prison rules and policies do not give rise to a cause of action under § 1983.

Section 1983 provides a cause of action for the deprivation of federally protected rights. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996)); see Davis v. Kissinger, No. CIV S–04–0878-GEB-DAD-P, 2009 WL 256574, *12 n. 4 (E.D. Cal. Feb. 3, 2009). Nor is there any liability under § 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)). Thus, the violation of any prison regulation, rule or policy does not amount to a cognizable claim under federal law, nor does it amount to any independent cause of action under section 1983.

### E. Conspiracy

A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th

Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "Conspiracy is not itself a constitutional tort under § 1983," and it "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." Lacey v. Maricopa Cty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir.1974).

Plaintiff has alleged that RN Vasquez informed Sergeants Vogel and Beam of his intent to sue CDC employees so that they would punish him by depriving him of his property. Sergeant Vogel then ordered or instructed Sergeant Beam to deprive Plaintiff of his property, contrary to rules and regulations allowing him to possess that property. Sergeant Beam allegedly met with Sergeant Cuevas and discussed the orders and plan of Vogel, and they in turn instructed Officers Caldwell and Cervantes to take Plaintiff's property, not properly secure it so that it would be damaged, and not properly inventory it. Sergeant Beam allegedly admitted that Plaintiff's property was wrongfully taken, but it was done because Sergeant Vogel had ordered the property be taken in retaliation for his appeals and lawsuits. Officers Benevidas and Huerta also allegedly admitted to partially withholding property and otherwise mishandling it on orders of Sergeants Vogel and Cuevas, due to Plaintiff's staff complaints, appeals, and lawsuits. Plaintiff's allegations are sufficient to state a conspiracy claim against RN Vasquez, Sergeants Vogel, Beam and Cuevas, and Officers Caldwell, Cervantes, Benevidas and Huerta.

Plaintiff's allegations that Sergeant Beam, Correctional Counselors Goree, Cribbs, Pacillas, Diaz, and Jarvis, and Warden Sexton conspired to violate his Fourteenth Amendment due process rights by wrongfully handling his appeals, do not state any claim for conspiracy. As explained above and in the prior screening orders, Plaintiff has not shown the actual deprivation of a constitutional right by these defendants. Also, as described above, further leave to amend to state a claim against these defendants for alleged due process violations is not warranted. Therefore, further leave to amend

to allow Plaintiff to attempt to state a conspiracy claim based on these same allegations, is not warranted either.

### F. Interference with Access to Courts

Plaintiff alleges that Sergeants Vogel, Beam and Cuevas, and Officers Caldwell, Cervantes Benevidas, and Huerta, interfered with his prosecution of Baker v. Perez, 09-cv-2757, a civil rights action brought pursuant to 28 U.S.C. § 1983, for inadequate medical care at High Desert State Prison, for denial of medication for Plaintiff's diagnosed bowel syndrome disease. Plaintiff alleges that as a result of these defendants' actions, he was deprived of legal materials, including trial exhibits, and manuals, notes with prepared questions for witnesses, and motions that were ready to file. Plaintiff states that some trial exhibit and impeachment documents for key witnesses were thrown away. Defendants took his law books including evidence books and Prisoner Self Help Litigation Manual and threw away motions to reopen discovery, disclose experts and a request regarding trial. These documents, thrown away, made it "impossible to prove a prima facie case."

Inmates have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) ("We have recognized that prisoners' First and Fourteenth Amendment rights to access the courts without undue interference extend beyond the pleading stages"), overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" by being shut out of court. Lewis, 518 U.S. at 350-51. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

Plaintiff adequately articulates factual allegations sufficient to state a claim for interference with access to the courts. An official's acts which cause the "inadequate settlement of a meritorious case" may form the basis of a claim for denial of access to the courts. See Christopher v. Harbury, 536 U.S. 403, 414 (2002). A plaintiff must identify the underlying lawsuit that forms the basis of the

12

claim with sufficient detail so that the court can determine whether it was a non-frivolous, arguable claim. See id. at 415 ("It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.") A plaintiff must further identify the acts that frustrated his claim, and how his claim was frustrated, as well as identify the remedy sought. See id.

Plaintiff states that he was forced to settle Baker v. Perez because he could not prepare for trial since his legal materials were thrown away. Plaintiff describes what materials he had, what he intended to use the material for in the litigation and how the loss of these materials impacted his litigation strategy and ability to prove his case. Plaintiff states that he had legal materials which would have substantiated his need for the medication and the injury he suffered. At the pleading stage, and liberally construed, the Court finds that Plaintiff alleges a plausible claim as to his underlying Civil Rights case in Baker v. Perez. Accordingly, Plaintiff states a cognizable claim for denial of access to the court against Sergeants Vogel, Beam and Cuevas, and Officers Caldwell, Cervantes, Benevidas, and Huerta.

### G. State Law Claims

Plaintiff asserts various violations of California laws and regulations. Based upon the manner in which Plaintiff has pleaded those claims and pleaded compliance with the California Tort Claims Act, Plaintiff appears to be aware that a violation of state law or regulation will not give rise to a claim under 42 U.S.C. § 1983. Gonzaga University v. Doe, 536 U.S. 273, 283, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002). Nevertheless, a district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a).

#### 1. Deprivation of Personal Property

As noted above, California Law provides a post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett, 31 F.3d at 816-17. Plaintiff alleges that Sergeants Vogel, Beam and Cuevas, and Officers Caldwell, Cervantes, Benevidas, and Huerta, improperly deprived Plaintiff of his personal property, intentionally and without authorization. Plaintiff also alleges the necessary compliance with California's Government Claims Act.

13

"A conversion can occur when a willful failure to return property deprives the owner of possession." Fearon v. Dep't of Corr., 162 Cal. App. 3d 1254, 1257, 209 Cal. Rptr. 309, 312 (Ct. App. 1984) (prisoner stated claim for conversion of belt buckle which was not returned to him on demand when he was released on parole). Plaintiff may proceed under California law for these property deprivations.

### 2. California Civil Code 52.1

Plaintiff alleges that all defendants violated California Civil Code § 52.1, by interfering with his protected conduct. The Bane Act, codified at California Civil Code § 52.1, makes it unlawful for any person to "interfere[ ] by threats, intimidation, or coercion, or attempt[ ] to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ. Code § 52.1.

In order to state a Bane Act claim, a plaintiff "must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (2015). Although analogous to § 1983, it is not tantamount to a § 1983 violation, requiring more than evidence of a violation of rights. Bass v. City of Fremont, No. C12–4943 TEH, 2013 WL 891090, at * 4 (N.D. Cal. Mar. 8, 2013); see also Austin B. v. Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 883, 57 Cal. Rptr. 3d 454 (2007) ("The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., "threats, intimidation or coercion"), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law.").

Liberally construed, Plaintiff's allegations states a cognizable claim for relief for a violation of California Civil Code § 52.1 against RN Vasquez, Sergeants Vogel, Beam and Cuevas, and Officers Caldwell, Cervantes, Huerta and Benevidas, for using threats, intimidation or coercion to interfere with Plaintiff's constitutional right to petition the government for redress of grievances. Among other allegations, Plaintiff has alleged verbal threats by RN Vasquez to make Plaintiff's "life miserable" for suing and complaining; that Sergeant Vogel threatened and did put Plaintiff in a redlined cell and deprived him of property due to his complaints and lawsuits; that Sergeant Beam stated to Plaintiff

that he would be retaliated against and have his property trashed unless he withdrew his complaints; that Officers Caldwell and Cervantes mishandled Plaintiff's property and falsified records to prevent Plaintiff from filing staff complaints, under threat of further retaliation; and that Officers Huerta and Benevidas dumped Plaintiff's damaged property on the floor, and stated it was done because Plaintiff "pissed off the wrong people with all your staff complaints, appeals, lawsuits . . . ."

Plaintiff has not alleged any conduct constituting threats, intimidation or coercion by the other defendants.

### 3. Intentional and Negligent Infliction of Emotional Distress

Plaintiff asserts that Sergeant Vogel, and Officers Caldwell and Cervantes, intentionally and negligently inflicted emotional distress upon him. Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009). Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Id. In addition to the requirement that the conduct be intentional and outrageous, the conduct must have been directed at Plaintiff or occur in the presence of Plaintiff of whom Defendant was aware. Simo v. Union of Needletrades, Indus. & Textile Employees, 322 F.3d 602, 622 (9th Cir. 2003).

Plaintiff's allegations of being caused severe emotional distress resulting in panic and anxiety attacks, anguish, and depression resulting from his physical injuries that were caused by the conduct alleged, when liberally construed, are sufficient to plausibly suggest that he suffered from severe or extreme emotional distress. With regard to Sergeant Vogel, Plaintiff has also sufficiently alleged facts plausibly suggesting extreme and outrageous conduct with the intent to cause this distress, that in fact was the proximate cause of his distress. These include Sergeant Vogel's statements to Plaintiff that he would take his property, including his prescribed medical appliances, and move Plaintiff into Vogel's housing unit to "make sure Plaintiff suffered" and then forcing Plaintiff to be housed in a cell smeared with feces and urine with an inadequate mattress as a punishment. Thus, Plaintiff has stated a claim for

the intentional infliction of emotional distress against Sergeant Vogel.

However, Plaintiff does not allege facts plausibly suggesting that Officers Caldwell or Cervantes engaged in extreme or outrageous conduct, or that they acted with the purposeful intent to cause, or with reckless disregard to causing, emotional distress. Although he states that their removal of his property and extra mattresses and pillows, and falsification of records regarding that removal, was "intentional" and "sadistic," this is not sufficient to show extreme or outrageous conduct, or the intent to cause serious emotional distress. Plaintiff was previously informed of these deficiencies and granted leave to amend these allegations, but has not added factual allegations in support of this claim. Thus, dismissal of this cause of action against Officers Caldwell and Cervantes without further leave to amend is appropriate. See Lopez, 203 F.3d at 1130-31.

Negligent infliction of emotional distress is not a separate tort, but rather falls under the tort of negligence. Macy's California, Inc. v. Super. Ct., 41 Cal. App. 4th 744, 748 (1995). "A cause of action for negligent infliction of emotional distress requires that a plaintiff show (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress." Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004). It is settled in California that in ordinary negligence actions for physical injury, recovery for emotional distress caused by that injury is available as an item of parasitic damages. Crisci v. Security Insurance Co., 66 Cal.2d 425, 433 (1967); Merenda v. Super. Ct., 3 Cal. App. 4th 1, 8–9 (1992).

Liberally construed, Plaintiff has stated a claim for negligent infliction of emotional distress against Sergeant Vogel, and Officers Caldwell and Cervantes, based on his allegations that they were deliberate indifferent to a serious risk of harm to him, that resulted in foreseeable physical injuries and related emotional distress.

**H.     Request to Appoint an Attorney**

Plaintiff seeks the appointment of counsel, based on the complexity of the issues in this case and the claims against multiple defendants. (ECF No. 25, p 39.)

Plaintiff is advised that he does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an

attorney to represent him pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. His case is not exceptional; this Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court does not find a likelihood of success on the merits. Also, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Instead, the record reflects that Plaintiff has been repeatedly able to articulate several cognizable claims in his pleadings. As a result, his request for the appointment of counsel is denied, without prejudice.

**CONCLUSION AND ORDER**

The Court finds that the second amended complaint states cognizable claims against certain defendants, but despite being provided with the relevant pleading standards, Plaintiff has been unable to cure the deficiencies identified in the screening orders and further leave to amend is unwarranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED as follows:

1. That this action proceed on Plaintiff's second amended complaint against defendants as follows:
   a. Defendants Vogel, Caldwell and Cervantes for deliberate indifference in violation of the Eighth Amendment;
   b. Defendants Vasquez, Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for retaliation in violation of the First Amendment and conspiracy;

      c. Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for denial of access to the courts in violation of First and Fourteenth Amendments;

      d. Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for State law claim for property deprivation under California law;

      e. Vasquez, Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for State law claim for violation of California Civil Code 52.1;

      f. Vogel for State law claim for intentional infliction of emotional distress; and

      g. Vogel, Coldwell and Cervantes for State law claim for negligent infliction of emotional distress.

2. All other claims and defendants be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **April 1, 2019**            /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE