# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE BAKER,<br><br>        Plaintiff,<br><br>    v.<br><br>E. BEAM, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01737-AWI-BAM (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 29, 32)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Mike Baker is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 2, 2019, the Magistrate Judge issued Findings and Recommendations ("F&R") recommending that this action proceed on Plaintiff's second amended complaint against Defendants Vogel, Caldwell, and Cervantes for deliberate indifference in violation of the Eighth Amendment, against Defendants Vasquez, Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for retaliation in violation of the First Amendment, against Defendants Vasquez, Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for conspiracy, against Defendants Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for denial of access to the courts in violation of the First and Fourteenth Amendments, against Defendants Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for a state law claim for property deprivation under California law, against Defendants Vasquez, Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for a state law claim for violation of California Civil Code 52.1, against Defendant Vogel for a state law claim for intentional infliction of emotional distress; and against Defendants Vogel, Caldwell, and Cervantes for a state law claim for negligent infliction of emotional distress. (ECF No. 29.) The Magistrate Judge further recommended that all other claims and all other defendants be dismissed from this action. (Id. at 18.) The F&R was served on Plaintiff and

contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id.)

Following extensions of time, on May 22, 2019, Plaintiff timely filed written objections to the F&R. (ECF No. 32.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.

**Discussion**

**A.     First Amendment Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff argues that the F&R erroneously failed to find that Plaintiff's "Claim No. 8" alleged a cognizable claim for retaliation against Defendants Beam, Goree, Diaz, Cribbs, Pacillas, and Jarvis. After reviewing the allegations in the second amended complaint, the Court finds that, liberally construed, Plaintiff has alleged a cognizable claim for retaliation against Defendants Beam, Cribbs, Diaz, Goree, Jarvis, and Pacillas. With regards to Defendant Beam, Plaintiff alleges that, on February 18, 2015, Defendant Beam threatened to trash all of Plaintiff's legal work stored in several boxes in the 4B library if Plaintiff filed a lawsuit against Defendant Beam. Cf. Brodheim, 584 F.3d at 1270 (holding that a "mere threat of harm can be an adverse action."). Plaintiff's allegations are sufficient to state a claim for retaliation in violation of the First Amendment against Defendant Beam. With regard to Defendants Cribbs, Diaz, Goree, Jarvis, and Pacillas, Plaintiff has alleged that each Defendant responded to one or more of Plaintiff's submitted administrative appeals by threatening Plaintiff with disciplinary action for filing appeals and staff complaints. Therefore, Plaintiff's first objection is sustained.

2

**B. Bane Act**

Plaintiff argues that the Magistrate Judge erred by failing to find that Plaintiff's "Claim No. 13" alleged a cognizable claim for a violation of the California Civil Code § 52.1. Plaintiff asserts that Defendants Cribbs, Diaz, Goree, Jarvis, and Pacillas interfered or attempted to interfere with his First Amendment rights by threatening him with disciplinary action for filing appeals and staff complaints. Additionally, the F&R found cognizable § 52.1 claims against the other defendants. The F&R found viable claims based in part on: (1) verbal threats by a nurse to make Plaintiffs life miserable, (2) placing Plaintiff in a redlined cell (i.e. a cell that is not to be used to house inmates) and depriving him of property, (3) telling Plaintiff that his property would be trashed and he would be retaliated against if he did not withdraw his complaints, (4) dumping Plaintiff's damaged property on the floor and being told that was a result of his complaints, and (5) mishandling Plaintiff's property and falsifying Plaintiff's records to prevent him from filing staff complaints.

The Bane Act (California Civil Code § 52.1) makes it unlawful for any person to "interfere[] by threats, intimidation, or coercion, or attempt[ ] to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ. Code § 52.1. However, for conduct to be actionable under § 52.1, the conduct must involve violence or the threat of violence. See Julian v. Mission Community Hosp., 11 Cal.App.5th 360, 395 (2017); Gabrielle A. v. County of Orange, 10 Cal.App.5th 1268, 1290 (2017); Austin B. v. Escondido Union Sch. Dist. , 149 Cal.App.4th 860, 882 (2007); Cabesuela v. Browning-Ferris Indus., 68 Cal.App.4th 101, 111 (1998); Judicial Council of Cal., Civil Jury Instructions, No. 3066 (2019 ed.). Speech alone does not violate § 52.1 unless the speech itself threatens violence, the plaintiff has a reasonable belief that violence against himself or his property will occur, and the person making the threat appears to have the ability to carry out the threat. See Cal. Civ. Code § 52.1 (k); In re M.S., 10 Cal.4th 698, 715 (1995); Allen v. City of Sacramento, 234 Cal.App.4th 41, 66 (2015).

Here, the Court concludes that the conduct identified by Plaintiff in his objections does not involve violence or the threat of violence. Being threatened with disciplinary action, or the

institution of prison disciplinary proceedings, may involve the possible loss of privileges or time credits, or being assigned to a different cell or a different type of confinement, but it is not a threat of violence. Therefore, Plaintiff's objections are overruled and no § 52.1 claim will be permitted against Defendants Cribbs, Diaz, Goree, Jarvis, and Pacillas.

Additionally, upon further review, the Court respectfully disagrees with part of the F&R's analysis of the remainder of Plaintiff's § 52.1 claim. Liberally construed, the Court finds that the alleged conduct of Sgt. Beam involves a threat of violence. Sgt. Beam is alleged to have threatened to "trash" Plaintiffs property if Plaintiff did not withdraw his staff complaints. Since Sgt. Beam would have access to Plaintiff's cell and property, "trash" clearly means "to damage," and some of Plaintiff's property was damaged by other defendants, the Court finds that the amended complaint adequately alleges a threat of violence by Sgt. Beam. See Cal. Civ. Code § 52.1(k). The Court also concludes that the allegations against Officers Huerta and Benavides involve acts of violence because those officers allegedly dumped Plaintiffs' damaged property on the floor and indicated that the property was damaged because Plaintiff filed staff complaints. Cf. id. (noting that speech that threatens violence against property, when combined with a plaintiff's reasonable fear and the defendant's ability to carry out the threat, is actionable). However, none of the acts alleged against the remaining defendants are sufficient to show either violence or the threat of violence. Because the conduct identified by Plaintiff against Vasquez, Vogel, Caldwell, and Cervantes does not involve violence or the threat of violence, the Court respectfully declines to adopt the portion of the F&R that finds a plausible § 52.1 claim against those Defendants.

**C.     Remainder of the F&R**

With the two exceptions above relating to retaliation and § 52.1, the Court concludes that the F&R's analysis is correct. Therefore, the Court will adopt the remainder of the F&R.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued on April 2, 2019, (Doc. No. 29), are adopted in part, consistent with the above analysis;

4

2. This action shall proceed on Plaintiff's second amended complaint as follows:
   a. Against Defendants Vogel, Caldwell, and Cervantes for deliberate indifference in violation of the Eighth Amendment;
   b. Against Defendants Vasquez, Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, Benevidas, Goree, Cribbs, Diaz, Jarvis, and Pacillas for retaliation in violation of the First Amendment;
   c. Against Defendants Vasquez, Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for conspiracy;
   d. Against Defendants Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for denial of access to the courts in violation of the First and Fourteenth Amendments;
   e. Against Defendants Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for a state law claim for property deprivation under California law;
   f. Against Defendants Beam, Huerta, and Benevidas for violation of California Civil Code 52.1;
   g. Against Defendant Vogel for a state law claim for intentional infliction of emotional distress; and
   h. Against Defendants Vogel, Caldwell, and Cervantes for a state law claim for negligent infliction of emotional distress;
3. All other claims and defendants are dismissed based on Plaintiff's failure to state claims upon which relief may be granted; and
4. This action is referred back to the assigned Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   June 10, 2019

_____
SENIOR DISTRICT JUDGE