UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE BAKER,<br><br>                Plaintiff,<br><br>    v.<br><br>E. BEAM, *et al.*,<br><br>                Defendants. | Case No.: 1:16-cv-01737-AWI-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S NOTICE OF WITHDRAWAL OF MOTION FOR COURT TO ORDER CDCR TO RETURN PLAINTIFF'S LEGAL PROPERTY<br>(ECF No. 56)<br><br>ORDER DIRECTING CLERK'S OFFICE TO TERMINATE PLAINTIFF'S MOTION FOR COURT TO ORDER CDCR TO RETURN PLAINTIFF'S LEGAL PROPERTY<br>(ECF No. 50)<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION FOR PROTECTIVE ORDER<br>(ECF Nos. 54, 55)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's second amended complaint as follows: (1) against Defendants Vogel, Caldwell, and Cervantes for deliberate indifference in violation of the Eighth Amendment; (2) against Defendants Vasquez, Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, Benevidas, Goree, Cribbs, Diaz, Jarvis, and

1

Pacillas for retaliation in violation of the First Amendment; (3) against Defendants Vasquez, Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for conspiracy; (4) against Defendants Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for denial of access to the courts in violation of the First and Fourteenth Amendments; (5) against Defendants Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for a state law claim for property deprivation under California law; (6) against Defendants Beam, Huerta, and Benevidas for violation of California Civil Code § 52.1; (7) against Defendant Vogel for a state law claim for intentional infliction of emotional distress; and (8) against Defendants Vogel, Caldwell, and Cervantes for a state law claim for negligent infliction of emotional distress. (ECF No. 33.)

Currently before the Court are several motions and filings, which require resolution, as explained below.

**I.  Plaintiff's Notice of Withdrawal of Motion for Court to Order CDCR to Return Plaintiff's Legal Property**

On January 14, 2020, Plaintiff filed a motion for court to order CDCR to return Plaintiff's legal property. (ECF No. 50.) Specifically, Plaintiff requested that the Court order CDCR to transfer Plaintiff's legal property from Mule Creek State Prison, the prison where he was previously housed, to California State Prison, Corcoran, the prison where he is currently housed. (Id.)

However, on March 9, 2020, Plaintiff filed a notice to withdraw his January 14, 2020 motion for the Court to order CDCR to return his legal property. (ECF No. 56.) Plaintiff states that, since he was issued the legal property necessary for this action on or about February 13, 2020, his motion for an order compelling CDCR to return his legal property has become moot. (Id.)

While Defendants have not had an opportunity to respond to Plaintiff's notice of withdrawal, no response is necessary because Defendants are not prejudiced by the withdrawal of Plaintiff's motion.

Therefore, Plaintiff's January 14, 2020 motion for the Court to order CDCR to return Plaintiff's legal property is withdrawn as moot.

**II.     Plaintiff's Two Motions for Extension of Time to File Opposition**

On February 13, 2020, Defendants Beam, Benevidas, Caldwell, Cervantes, Cribbs, Cuevas, Diaz, Goree, Huerta, Jarvis, Pacillas, Vasquez, and Vogel filed a motion for summary judgment and a motion for protective order.  (ECF Nos. 52, 53.)

On March 9, 2020, Plaintiff filed a motion for extension of time to file an opposition to Defendants' motion for summary judgment and a motion for extension of time to file an opposition to Defendants' motion for protective order.  (ECF Nos. 54, 55.)  Plaintiff asserts that he needs additional time to file oppositions to Defendants' motion for summary judgment and motion for protective order because he just recently received the legal property that he was without for approximately four months and because he has been unable to complete the discovery that he believes is necessary to file an opposition to Defendants' summary judgment motion.  (Id.)

Having considered the request, the Court finds that Plaintiff has demonstrated good cause for a 30-day extension of time.  Fed. R. Civ. P. 6(b).  Accordingly, Plaintiff's motions for an extension of time to file an opposition to Defendants' motion for summary judgment and Defendants' motion for protective order, (ECF Nos. 54, 55.), are granted.

**III.    Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for the Court to order CDCR to return Plaintiff's legal property, (ECF No. 50), is WITHDRAWN;
2. The Clerk of the Court is directed to terminate ECF No. 50;
3. Plaintiff's motion for extension of time to file opposition to Defendants' motion for summary judgment, (ECF No. 54), is GRANTED;
4. Plaintiff's motion for extension of time to file opposition to Defendants' motion for protective order, (ECF No. 55), is GRANTED; and

///

///

///

///

5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an opposition to Defendants' motion for summary judgment, (ECF No. 52), and an opposition to Defendants' motion for protective order, (ECF No. 53).

IT IS SO ORDERED.

Dated: __**March 11, 2020**__              /s/ *Barbara A. McAuliffe*             
                                            UNITED STATES MAGISTRATE JUDGE