# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE BAKER,<br><br>               Plaintiff,<br><br>   v.<br><br>BEAM, *et al.*,<br><br>               Defendants. | Case No. 1:16-cv-01737-AWI-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME TO FILE OPPOSITIONS TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION FOR PROTECTIVE ORDER<br><br>(ECF No. 58)<br><br>**FOURTEEN (14) DAY DEADLINE** |

      Plaintiff Mike Baker ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Vogel, Caldwell, and Cervantes for deliberate indifference in violation of the Eighth Amendment; (2) Defendants Vasquez, Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, Benevidas, Goree, Cribbs, Diaz, Jarvis, and Pacillas for retaliation in violation of the First Amendment; (3) Defendants Vasquez, Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for conspiracy; (4) Defendants Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for denial of access to the courts in violation of the First and Fourteenth Amendments; (5) Defendants Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for a state law claim for property deprivation; (6) Defendants Beam, Huerta, and Benevidas for violation of California Civil Code § 52.1; (7) Defendant Vogel for a state law claim of intentional infliction of emotional distress; and (8) Defendants Vogel, Caldwell, and Cervantes for a state law claim for negligent infliction of

emotional distress.

On February 13, 2020, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies as to any claims against any Defendant, and a motion for protective order.  (ECF Nos. 52, 53.)  The Court granted Plaintiff a thirty-day extension of time to file his oppositions to the motions.  (ECF No. 57.)

Currently before the Court is Plaintiff's second motion for an extension of time to file his oppositions.  (ECF No. 58.)  Plaintiff states that he requires an additional fourteen days to complete and serve his oppositions.  Plaintiff states that his opposition to the motion for protective order is completed, but printing out the final copy is taking longer than anticipated.  Despite to his recent assignment to a new vocational class that requires additional study time and continuing health issues, he has worked as diligently as he is able to.  In addition, due to COVID-19 prison programs are modified, limiting his access to the law library, and possibly closing all access to the library.  Plaintiff believes fourteen days will provide sufficient time for him to finish his final copies.  (Id.)  Defendants have not yet had an opportunity to file a response, but the Court finds a response is unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Having considered the moving papers, the Court finds good cause to grant the requested extension.  Fed. R. Civ. P. 6(b).  The Court further finds that Defendants will not be prejudiced by the brief extension granted here.

Accordingly, Plaintiff's second motion for extension of time, (ECF No. 58), is GRANTED.  Plaintiff's oppositions to Defendants' motion for summary judgment and motion for protective order are due within **fourteen (14) days** from the date of service of this order.  Defendants' replies, if any, are due no more than **seven (7) days** following the docketing of Plaintiff's oppositions.

IT IS SO ORDERED.

Dated:   **April 15, 2020**             /s/ Barbara A. McAuliffe          _
                                          UNITED STATES MAGISTRATE JUDGE