# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE BAKER,<br><br>                    Plaintiff,<br><br>         v.<br><br>BEAM, *et al.*,<br><br>                    Defendants. | Case No.  1:16-cv-01737-AWI-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND DISPOSITIVE MOTION DEADLINES<br><br>(ECF No. 65) |

Plaintiff Mike Baker ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Vogel, Caldwell, and Cervantes for deliberate indifference in violation of the Eighth Amendment; (2) Defendants Vasquez, Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, Benevidas, Goree, Cribbs, Diaz, Jarvis, and Pacillas for retaliation in violation of the First Amendment; (3) Defendants Vasquez, Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for conspiracy; (4) Defendants Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for denial of access to the courts in violation of the First and Fourteenth Amendments; (5) Defendants Vogel, Beam, Cuevas, Caldwell, Cervantes, Huerta, and Benevidas for a state law claim for property deprivation; (6) Defendants Beam, Huerta, and Benevidas for violation of California Civil Code § 52.1; (7) Defendant Vogel for a state law claim of intentional infliction of emotional distress; and

1

(8) Defendants Vogel, Caldwell, and Cervantes for a state law claim for negligent infliction of emotional distress.

On February 13, 2020, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies as to any claims against any Defendant, and a motion for protective order.  (ECF Nos. 52, 53.)  Despite being granted several extensions of time, Plaintiff has not yet filed an opposition to the motion for summary judgment.  Defendants' motion for protective order also remains pending before the Court.

On July 21, 2020, Defendants filed a motion for a stay of the discovery and dispositive motion deadlines pending resolution of their exhaustion motion for summary judgment.  (ECF No. 65.)  Pursuant to the Court's November 21, 2019 Discovery and Scheduling Order, the deadline for the completion of all discovery is July 21, 2020, and the deadline for filing all dispositive motions is October 1, 2020.  (ECF No. 48.)

Although Plaintiff has not had the opportunity to file a response to Defendants' motion, the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.  If the party was not diligent, the inquiry should end. Id.

In their motion, Defendants argue that the pending motion for summary judgment for failure to exhaust administrative remedies may dispose of this case summarily and without the need to take Plaintiff's deposition.  (ECF No. 65-1.)  Defendants further argue that due to the ongoing COVID-19 pandemic and CDCR's restrictions on inmate movement and limited videoconferencing equipment, defense counsel cannot reasonably conduct Plaintiff's deposition at this time.  Defendants therefore request that the Court stay the discovery and dispositive motion deadlines until the motion for summary judgment on the issue of exhaustion is resolved.  (Id.)

Having considered Defendants' moving papers, the Court finds good cause to stay the discovery and dispositive motion deadlines in this action.  Defendants have been diligent in filing the dispositive motion, and it would be a waste of the resources of the Court and the parties to require the taking of Plaintiff's deposition or the filing of unnecessary dispositive motions, particularly with the ongoing COVID-19 crisis.  Finally, the Court finds that Plaintiff will not be prejudiced by the relief requested, as the Court will reset the applicable deadlines, if necessary, following a ruling on the pending motion.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to stay the discovery and dispositive motion deadlines, (ECF No. 65), is GRANTED;
2. The discovery and dispositive motion deadlines are STAYED; and
3. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion for summary judgment for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:   **July 22, 2020**              /s/ Barbara A. McAuliffe          _
                                        UNITED STATES MAGISTRATE JUDGE